UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY A. WAGNER,

        Plaintiff,

v.

FNU MARSH, FNU PERDUE,
FNU RICHARDSON, FNU CURTIS,
FNU BAILEY, FNU BARLOW,
FNU CHADWELL, and FNU BORDIN,

        Defendants.
                                 /

Case No. 17-11075
Hon. Terrence G. Berg
Hon. Patricia T. Morris

**ORDER
DENYING THE MOTIONS FOR DISCOVERY [5],
FOR APPOINTMENT OF COUNSEL [6], AND
FOR IMMEDIATE CONSIDERATION [8], AND
GRANTING THE MOTION FOR AN ENLARGEMENT OF TIME [10]**

On March 31, 2017, *pro se* plaintiff Gary A. Wagner filed a civil rights complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Compl., Dkt. 1). Plaintiff alleged that certain defendants had been deliberately indifferent to his serious medical condition and that other defendants had falsified a misconduct report about him, destroyed his papers and records, slandered him, and refused to provide him with grievance forms. *See id*.

On October 27, 2017, the Court dismissed Shawn Brewer, Heidi Washington, Corizon Healthcare Services, Inc., and the medical professionals from the complaint. (Order, Dkt. 9). The Court directed Plaintiff to supply the Court with

copies of his complaint within thirty days so that the Court could serve the complaint on the remaining defendants. *Id.*

Currently pending before the Court are four motions that Plaintiff filed. In a motion to compel discovery, Plaintiff seeks an order compelling Corizon Healthcare Services, Inc., to produce Plaintiff's health care records and other documents. (Dkt. 5). In a motion for immediate consideration, Plaintiff seeks injunctive relief on his claims about his medical care. (Dkt. 8).

The Court summarily dismissed Corizon Healthcare Services, Inc., and the medical professionals from this lawsuit in its order dated October 27, 2017. Accordingly, the Court **DENIES** as moot Plaintiff's motion to compel discovery (Dkt. 5) and his motion for immediate consideration of the now-dismissed medical claims (Dkt. 8).

In a motion for appointment of counsel, Plaintiff states that he is unable to retain counsel, that the issues are complex, that he has limited access to the law library and limited knowledge of the law, and that his imprisonment limits his ability to litigate his case.

The United States Court of Appeals for the Sixth Circuit has stated that, "[t]he appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. To determine whether these exceptional circumstances exist, courts typically consider the type of case and the

ability of the plaintiff to represent himself." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quotation marks and citations omitted).

Petitioner has ably represented himself so far, and the Court has reduced the number of complex issues in this case by dismissing several defendants from the complaint. Accordingly, the Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel (Dkt. 6).

In his fourth and final motion, Plaintiff seeks an enlargement of time in which to provide the Court with copies of his complaint. He states that it is often difficult to acquire copies from staff in the prison law library.

Plaintiff's motion for enlargement of time (Dkt. 10) is **GRANTED**. Plaintiff shall have an additional **thirty (30) days** from the date of this order to submit copies of his complaint to the Clerk of the Court.

**IT IS SO ORDERED**.

Dated: December 12, 2017   s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 12, 2017.

s/A. Chubb
Case Manager